UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JONATHAN CLAYTON,                          )
                                           )
                Plaintiff,                 )
                                           )
        vs.                                )        Case No. 4:12-CV-565-CDP
                                           )
SPEED EMISSIONS, INC., et al.,             )
                                           )
                Defendant.                 )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Jonathan Clayton for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay the filing fee. As such, the Court will grant plaintiff's motion for leave to proceed in forma pauperis [Doc. #2].

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must

also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff brings this action against defendants Speed Emissions, Inc. ("Speed Emissions"), Rich Parlontieri (Chief Executive Officer), and Christopher Toler (Supervisor) pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"); the Missouri Human Rights Act, Mo. Rev. St. §§ 213.010, *et seq.* ( "MHRA"); and 42 U.S.C. § 1981. Plaintiff states that he is African-American. He claims that because of his race and color, defendants discriminated against him, subjected him to a racially hostile work environment, denied him equal employment opportunities, and disciplined him more harshly than others. He further alleges that defendants harassed and retaliated against him for filing a discrimination complaint and complaining about their racially discriminatory employment practices.

Plaintiff has attached to the complaint a copy of his Equal Employment Opportunity Commission ("EEOC") right-to-sue letter, which is dated December 28, 2011. The instant action was filed on March 27, 2012. Plaintiff states that although his discrimination action was dual-filed with the Missouri Commission on Human Rights ("MCHR"), he has yet to be issued a right-to-sue letter.

## Discussion

### A. Title VII Claims

Title VII imposes liability only against an "employer" who engages in certain discriminatory practices. Individual officers, executives, and supervisory employees may not be held individually liable under Title VII. See Bonomolo-Hagen v. Clay Central-Everly Community School District, 121 F.3d 446, 447 (8th Cir. 1997); Bales v. Wal-Mart Stores, Inc., 143 F.3d 1103, 1110-11 (8th Cir.

1998); Milne v. Navigant Consulting, 2009 WL 4437412, at *3 (S.D. N.Y. 2009). As such, plaintiff's Title VII claims against his employer, Speed Emissions, are sufficient to proceed at this time; however, as to Rich Parlontieri and Christopher Toler, plaintiff's Title VII claims will be dismissed as legally frivolous.

### B. MHRA Claims

Claims brought under the MHRA "shall be filed within ninety days from the date of the commission's notification letter to the individual." Mo. Rev. Stat. § 213.111(1). "'Although not jurisdictional, a right-to-sue letter is a prerequisite to the filing of a MHRA claim in . . . court.'" Davis v. Bemiston-Carondelet Corp., 2006 WL 1722277, at *3 (E.D. Mo. 2006)(quoting Public School Retirement System of the School Dist. of Kansas City v. Missouri Commission on Human Rights, 188 S.W.3d 35, 44 (Mo. Ct. App. 2006)); see also Whitmore v. O'Connor Management, Inc., 156 F.2d 796, 800-01 (8th Cir. 1998)(right-to-sue letter is a condition precedent to bringing an action under the MHRA). The "failure to obtain a right to sue letter can be cured after litigation has begun." Vankempen v. McDonnell Douglas Corp., 923 F.Supp. 146, 148 (E.D. Mo. 1998).

Plaintiff states that he has not yet received a right-to-sue notification from the MCHR. Because the failure to obtain a right-to-sue letter can be cured and does not create a jurisdictional bar to filing an MHRA action, the Court will allow process to issue as to all defendants relative to plaintiff's MHRA claims. The Court notes, however, that courts have dismissed MHRA claims where the plaintiff has failed to attempt to obtain a right-to-sue letter after the litigation began. Compare Whitmore, 156 F.2d at 800 (affirming dismissal of MHRA claim because, while possible to cure lack of right-to-sue letter after litigation began, plaintiff made no attempt to do so), and Simmons v. Directory Distributing Assocs., 2005 WL 2033426, at *6 (E.D. Mo. 2005)(MHRA claims dismissed where plaintiff could have cured the defect by obtaining right-to-sue letter, but did

not do so), with Davis, 2006 WL 1722277, at *3 (motion to dismiss denied where plaintiff was actively trying to obtain MCHR right-to-sue letter by pursuing writ of mandamus in state court that would require MCHR to issue him a right-to-sue letter).

### C.  Section 1981 Claims

Section 1981 provides that all persons within the jurisdiction of the United States shall have "the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."  Plaintiff's § 1981 race discrimination claims survive frivolity review and are sufficient to proceed as to all defendants.

Therefore,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.  See 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint as to all defendants.

**IT IS FURTHER ORDERED** that plaintiff's Title VII claims against defendants Rich Parlontieri and Christopher Toler are **DISMISSED** as legally frivolous and for failure to state a claim or cause of action.  See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of April, 2012.

_____
**UNITED STATES DISTRICT JUDGE**